IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTEES OF NAT'L ELEVATOR, et al. : | CIVIL ACTION |
| : | |
| v. : | |
| : | |
| IMPERIAL ELEVATOR SERVICE, INC., et al. : | NO. 10-cv-02592 |

ORDER

AND NOW, this 29th day of July 2013, upon consideration of Plaintiffs' unopposed Motion for Summary Judgment[1] (Doc. No. 30), it is hereby ORDERED that the motion is GRANTED. The Clerk of Court is directed to close this matter for statistical purposes.

I.      Factual Background

As we write only for the parties, we state only those facts relevant to our conclusion.

On July 18, 2002, Defendant Imperial Elevator Service Inc. dba Barnard Elevator Company (Barnard Elevator), through its owner and officer, Defendant Jim Druffel, entered into a collective bargaining agreement with the International Union of Elevator Constructors, to which Plaintiffs are third party beneficiaries. (Pls.' Statement of Facts ¶¶ 1–2, Doc. No. 31; Compl. ¶ 5, Doc. No. 1; Defs.' Answer ¶ 5, Doc. No. 6; see generally Pls.' Mot. Ex. 3, Doc. No. 30-3[2]). Defendant Jim Druffel, on behalf of Defendant Barnard Elevator, signed a similar

---

[1] The instant motion includes a motion for attorney's fees and costs. (Pls.' Mot. 20–27, Doc. No. 30).

[2] Defendant Barnard Elevator has not challenged the authenticity of the copy of the collective bargaining agreement attached to Plaintiffs' instant motion. Further, this Court notes that Defendant Barnard Elevator did not respond to Plaintiffs' request for admission concerning whether the attached collective bargaining agreement was a "true and correct copy" of the 2002 agreement. (Pls.' Req. for Admis. ¶ 2, Doc. No. 30-5). The collective bargaining agreement specifically states that "[t]itle to all the monies paid into and/or due and owing to the National

1

collective bargaining agreement with the International Union of Elevator Constructors on January 23, 2009, to which Plaintiffs are third party beneficiaries. (Pls.' Statement of Facts ¶ 3, Doc. No. 31; Compl. ¶ 6, Doc. No. 1; Defs.' Answer ¶ 6, Doc. No. 6; see generally Pls.' Mot. Ex. 4, Doc. No. 30-4[3]). These collective bargaining agreements required Defendant Barnard Elevator to make benefit plan contributions to Plaintiffs for each hour worked by all of Defendant Barnard Elevator's employees covered by the collective bargaining agreements. (Pls.' Statement of Facts ¶ 5, Doc. No. 31; Compl. ¶ 7, Doc. No. 1; Defs.' Answer ¶ 7, Doc. No. 6; see generally Pls.' Mot. Exs. 3 & 4, Doc. Nos. 30-3 & 30-4). Failure to make these agreed-upon contributions is a breach of the terms of the collective bargaining agreements. (Pls.' Statement of Facts ¶ 4, Doc. No. 31; Pls.' Req. for Admis. ¶ 4, Doc. No. 30-5).

The collective bargaining agreements further bound the parties to the "written terms" of the relevant Declarations of Trust of Plaintiff's Funds, as well as any amendments to those Declarations of Trust, that "specif[ied] the detailed basis on which payments are to be made into, and benefits paid out of, such Trust Funds." (Pls.' Mot. Ex. 3 ¶ 7, Doc. No. 30-3; Pls.' Mot. Ex. 4

---

Elevator Industry Health Benefit Fund, Pension Fund, Education Fund, National Elevator Industry 401(k) Annuity Retirement Fund and the Elevator Industry Work Preservation Fund . . . shall vest in and remain exclusively in the Trustees of said Funds, respectively." (Pls.' Mot. Ex. 3 ¶ 7, Doc. No. 30-3).

[3] Defendant Barnard Elevator has not challenged the authenticity of the copy of this collective bargaining agreement either and failed to respond to Plaintiffs' request for admission concerning whether the attached collective bargaining agreement was a "true and correct copy" of the 2009 agreement. (Pls.' Req. for Admis. ¶ 3, Doc. No. 30-5). The collective bargaining agreement specifically states that "[t]itle to all the monies paid into and/or due and owing to the National Elevator Industry Health Benefit Fund, Pension Fund, Education Fund, National Elevator Industry 401(k) Annuity Retirement Fund and the Elevator Industry Work Preservation Fund . . . shall vest in and remain exclusively in the Trustees of said Funds, respectively." (Pls.' Mot. Ex. 4 ¶ 7, Doc. No. 30-4).

¶ 7, Doc. No. 30-4). Under the collective bargaining agreements and the Agreements and Declarations of Trust of Plaintiffs' Plans, Defendant Barnard Elevator was required to file monthly reporting forms indicating the number of hours worked by its employees under the collective bargaining agreement with Plaintiffs' office and to pay the corresponding contributions due. (Aff. Betts ¶ 6, Doc. No. 30-6). Although Defendant Barnard Elevator employed employees performing covered work from July 2002 through May 2012,[4] (Pls.' Req. for Admis. ¶ 6, Doc. No. 30-5), Defendant Barnard Elevator failed to file the monthly report form or pay the corresponding contributions due for multiple months from June 2010 through May 2012, resulting in reported and estimated contributions[5] owed to Plaintiffs' Funds totaling $310,266.40,

---

[4] Both executed collective bargaining agreements have provisions that the terms and conditions of those agreements continue for a certain period until the parties execute a successor agreement, unless either party gives written notice of modification or termination to the other: The agreement executed in 2002 would have continued through July 8, 2009, but for the execution of the successor agreement on January 23, 2009, and the agreement executed in 2009 continues through July 8, 2014. (Pls.' Mot. Ex. 3 ¶ 14, Doc. No. 30-3; Pls.' Mot. Ex. 4 ¶ 14, Doc. No. 30-4).

[5] Article VI of Plaintiffs' Funds' Trust Agreements permits Plaintiffs to estimate a delinquency amount for any month in which an employer fails to file the properly completed report forms according to the following formula:

> [T]he Trustees are hereby empowered to project the amount of damages by averaging the monthly payments actually made by such Employer for the previous three (3) months for which such payments were made, or the average monthly payments made by such Employer for the previous twelve (12) months for which payments were made, whichever average is greater. Such monthly average may be used as a determination of payments due for each delinquent month, and may be used for purposes of any lawsuit, and no other proof need be furnished by the Fund to any court, arbitrator or referee to compute the total payments due from the Employer for all delinquent months. The Trustees shall seek interest, liquidated damages, costs and attorneys' fees on any estimated amounts.

3

(Id. at ¶¶ 8–10, Doc. No. 30-5; Aff. Betts ¶¶ 7–8, Doc. No. 30-6).

The Trust documents also permit Plaintiffs to audit any participating employer.[6] (Aff. Betts ¶ 9, Doc. No. 30-6). An audit of Defendant Barnard Elevator for the period of January 1, 2007, through and including December 31, 2008, completed at the request of Plaintiffs, found that Defendant Barnard Elevator owed $31,934.22 in underreported contributions and interest. (Id. ¶ 10). This amount remains outstanding and has accrued additional interest of $4,154.43.[7] (Id.) The audit further found that Defendant Barnard Elevator failed to remit 401(k) contributions

---

(Aff. Betts ¶ 8, Doc. No. 30-6).

[6] Article VI of the Restated Agreement and Declaration of Trust of Plaintiffs' funds states:

> Audit. The Trustees may, by their designated, independent Certified Public Accountant, audit the payroll records (including payroll tax returns and all supporting records) of any Employer at the Employer's place of business. The audit shall be conducted at any reasonable time during the business hours of the Employer. In the event that the audit discloses that the Employer has underpaid his contributions in an amount that is equal to or exceeds five (5%) percent of the contributions due during the audit period, then all cost associated with the audit shall be assessed against the Employer. If there is less than a five (5%) discrepancy, then the Fund shall pay the cost of the audit. Notwithstanding the foregoing, in any case where the Trustees have claimed in a lawsuit any amount due as disclosed by the audit, then the Employer shall be liable for all costs associated with the audit. This right to audit shall include the right to examine all such other books and records of the Employer as the Trustees' independent Certified Public Accountant shall deem necessary.

(Aff. Betts ¶ 9, Doc. No. 30-6).

[7] Defendant Barnard Elevator has not challenged the findings of the audit and the accrued interest amount, as it did not respond to Plaintiffs' requests for admissions and failed to file any response to the instant motion.

4

of $252.15, which were withheld from an employee's paycheck but not remitted to Plaintiffs' 401(k) Retirement Fund. (Id. ¶ 11).

Plaintiffs also allege that Defendant Barnard Elevator failed to make timely payments pursuant to a prior settlement agreement with them that addressed Defendant Barnard Elevator's failure to pay contributions and interest for the period from April 2009 through June 2009, resulting in Defendant Barnard Elevator's breach of that settlement agreement and a balance due of $2,724.62. (Id. ¶ 12).

On May 31, 2013, a consent judgment was approved by this Court and entered in favor of Plaintiffs and against Defendant Jim Druffel in recognition of a settlement agreement between the parties. (See Doc. No. 32). Consequently, in the instant motion, Plaintiffs seek summary judgment only against remaining Defendant Barnard Elevator for delinquent contributions in violation of ERISA.[8] Plaintiffs request the award of the reported and estimated contributions due and outstanding, the underreported and unremitted amounts found in the audit, the balance due under the parties' prior settlement agreement, as well as those liquidated damages, interest, and attorney's fees and costs provided under the Agreements and Declarations of Trust of Plaintiffs' Funds.[9]

---

[8] In the instant motion, Plaintiffs appear to seek only an entry of judgment for monetary damages, fees, and costs; therefore, this Court does not address Count II of the complaint, which sought a court order enjoining violations of the terms of Plaintiffs' employee benefit plans by Defendant Barnard Elevator. (See Pls.' Mot. 19, 28–29, Doc. No. 30; Compl. ¶¶ 19–22, Doc. No. 1).

[9] The Agreements and Declarations of Trust of Plaintiffs' Funds provide that any employer delinquent in its contributions "shall be obligated to pay interest at the rate currently charged by the Internal Revenue Service from the day after the due date to the date of payment and liquidated damages of 20%, as well as all necessary costs of collection incurred by the

II.     Legal Standard

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (2013); White v. Westinghouse Elec. Co., 862 F.2d 56, 59 (3d Cir. 1988). A factual dispute is material if it could "affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is genuine if sufficient evidence exists that "a reasonable jury could return a verdict for the nonmoving party." Id. at 249.

The moving party bears the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "However, where the nonmoving party bears the burden of proof, [that party] must by affidavits or by the depositions and admissions on file 'make a showing sufficient to establish the existence of every element essential to that party's case.'" Equimark Commercial Fin. Co. v. C.I.T. Fin. Servs. Corp., 812 F.2d 141, 144 (3d Cir. 1987) (quoting Celotex, 477 U.S. at 322). If the nonmoving party cannot make such a showing, the moving party is "entitled to judgment as a matter of law," and summary judgment should be granted. Celotex, 477 U.S. at 322.

In considering a motion for summary judgment, this Court "view[s] the facts in the light most favorable to the nonmoving party and draw[s] all inferences in that party's favor." Bartos v.

---

Funds, including, but not limited, to reasonable attorneys' fees, audit fees and court costs." (Aff. Betts ¶ 15, Doc. No. 30-6). Therefore, Plaintiffs seek interest in the amount of $13,511.93, liquidated damages of $62,815.41, attorneys' fees of $15,760.00, and costs of $464.10. (Id. ¶¶ 14, 16; Decl. Capuano ¶¶ 5, 7–8, Doc. No. 30).

MHM Corr. Servs., Inc., 454 F. App'x 74, 76 (3d Cir. 2011) (quoting Stratechuk v. Bd. of Educ., 587 F.3d 597, 603 (3d Cir. 2009), cert. denied, 131 S. Ct. 72 (2010)) (not precedential). Nonetheless, a court should grant summary judgment where the nonmovant's evidence is "merely colorable," Anderson, 477 U.S. at 249–50, or consists of only "general averments and conclusory allegations," Bartos, 454 F. App'x at 76 (citing Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888–89 (1990); Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs, 982 F.2d 884, 890 (3d Cir. 1992)).

When a motion for summary judgment is unopposed, courts should not grant the motion solely because it is unopposed, but rather, "must determine that the deficiencies in the opponent's evidence designated in or in conjunction with the motion entitle the moving party to judgment as a matter of law." Miller v. Ashcroft, 76 F. App'x 457, 462 (3d Cir. 2003) (quoting Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990)) (internal quotation marks omitted) (not precedential). Courts may, however, deem a party's requests for admissions admitted if the other party has neither answered the requests or sought to have them withdrawn. Kelvin Cryosystems, Inc. v. Lightnin, 252 F. App'x 469, 472 (3d Cir. 2007) (not precedential). Similarly, courts may deem a party's statement of facts on summary judgment admitted if the other party did not contradict those statements. Id. Such deemed admissions "are sufficient to support orders of summary judgment." Id. (quoting Anchorage Assocs., 922 F.2d at 176 n.7) (internal quotation marks omitted).

III.  Delinquent Contributions to an ERISA plan (Count I)

"ERISA provides a cause of action and remedies for an employer's failure to fulfill its

obligations to make pension or welfare fund contributions pursuant to a plan or collective bargaining agreement." Bricklayers & Allied Craftsmen Int'l Union Local 33 Benefit Funds v. Am.'s Marble Source, Inc., 950 F.2d 114, 117 (3d Cir. 1991). Section 515 of ERISA authorizes civil suits to enforce terms requiring the payment of contributions to a multiemployer plan, 29 U.S.C. § 1145 (2012), and section 502(g)(2) of ERISA specifies the relief that must be awarded in a successful suit by a plan to enforce section 515, 29 U.S.C. § 1132(g)(2) (2012). See also Am.'s Marble Source, Inc., 950 F.2d at 117 (referencing these statutory provisions). Specifically, courts shall award a prevailing plan the following: (1) the unpaid contributions, (2) interest on the unpaid contributions, (3) an amount equal to the greater of either interest on the unpaid contributions or "liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the [unpaid contributions]," (4) "reasonable attorney's fees and costs of the action," and (5) "such other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2) (2012). See also Trucking Emps. of N. Jersey Welfare Fund, Inc. v. Bellezza Co., Inc., 57 F. App'x 972, 975 (3d Cir. 2003) (noting that "Congress has deemed [the remedies noted in this section] mandatory in an action brought by a pension fund to enforce the collection of contributions") (not precedential); Connors v. Beth Energy Mines, Inc., 920 F.2d 205, 212 (3d Cir. 1990) (noting that "award of [liquidated damages] and interest [on unpaid contributions] is mandatory" to prevailing plan); United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr., 501 F.3d 283, 285 (3d Cir. 2007) (noting that "ERISA mandates an award of reasonable attorney's fees" to a prevailing plan under 29 U.S.C. section 1145).

At the outset, this Court notes that the contributions due to Plaintiffs' Funds are plan

8

assets governed by ERISA, because they are "amounts (other than union dues) that a participant or beneficiary pays to an employer, or amounts that a participant has withheld from his wages by an employer, for contribution or repayment of a participant loan to the plan." 29 C.F.R. § 2510.3-102(a) (2013). (See also Pls.' Req. for Admis. ¶ 24, Doc. No. 30-5). Here, in support of the instant motion, Plaintiffs have provided the affidavit of the Executive Director of Plaintiffs' Plans, Robert O. Betts, Jr., a copy of the audit report conducted by Plaintiffs' independent accountant,[10] and a Miscellaneous Assessments Report detailing the relevant reported and estimated contribution amounts and any payments, which indicate that Plaintiffs' plans are owed contributions and remittance of 401(k) funds that were withheld from an employee. (See generally Aff. Betts, Doc. No. 30-6; Pls.' Mot. Ex. 5 at 26–30, Doc. No. 30-5; Pls.' Mot. Ex. 11, Doc. No. 30-11).

Regarding the balance owing under the prior settlement agreement, Defendant Barnard Elevator's failure to pay the full amount under the settlement agreement is essentially a failure to pay the delinquent contributions for the period from April 2009 through June 2009. See, e.g., Trs. of the Nat. Elevator Indus. Pension, Health Ben., Educ., Elevator Indus. Work Pres. Funds v. Gateway Elevator Inc., No. 09-4206, 2011 WL 2462027, at *3 (E.D. Pa. June 21, 2011) (citations omitted) (treating failure to pay remaining settlement agreement balance as failure to pay the delinquent contributions that formed the basis of the settlement agreement). As a result, the remaining amount due under the prior settlement agreement would also be considered a plan

---

[10] Plaintiffs provided this audit report to Defendant Barnard Elevator as an attachment to their requests for admissions. Defendant Barnard Elevator has not responded to either Plaintiffs' requests for admissions or the instant motion and, therefore, has offered no opposition to the audit report.

asset.

Because Defendant Barnard Elevator has failed to make contributions as required under the terms of the collective bargaining agreements between Defendant Barnard Elevator and the International Union of Elevator Constructors, to which, as noted supra, Plaintiffs are third party beneficiaries, Plaintiffs are entitled to relief under sections 515 and 502(g)(2) of ERISA.

Having established that Plaintiffs are entitled to judgment in favor of Plaintiffs, section 502(g)(2) awards a plan "reasonable attorney's fees and costs of the action." 29 U.S.C. § 1132g(2)(D) (2012). When evaluating the reasonableness of requested attorney's fees, the Third Circuit directs that courts begin their analysis with the lodestar calculation, in which a court "determines the reasonable number of hours expended on the litigation multiplied by a reasonable hourly rate." Metro Auto Ctr., 501 F.3d at 290 (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). The product is "presumptively reasonable," but further adjustment may be necessary. Id. (citation omitted). Any request for attorney's fees "must be accompanied by fairly definite information as to hours devoted to various general activities." Id. at 291 (internal quotation marks and citation omitted).

Here, Plaintiffs seek an award of attorney's fees in the amount of $15,760.00, representing a total of 73 hours computed as follows: 66.5 hours multiplied by a rate of $215.00 per hour of attorney time, plus 6.5 hours multiplied by a rate of $225.00 per hour of attorney time. (Decl. Capuano ¶¶ 5, 7–8, Doc. No. 30; Pl.'s Mot. Ex. 10, Doc. No. 30-10). Considering that this case has taken approximately three years, Plaintiffs' attorneys' computed time of 73 hours is reasonable. Further, Plaintiffs' attorneys' entries provide sufficient narrative descriptions

of the tasks performed, billed in one-quarter of an hour increments. Counsel's representation included the preparation of pleadings, review of filings, correspondence with Defendant Barnard Elevator's bankruptcy counsel, and settlement efforts. (See generally Pl.'s Mot. Ex. 10, Doc. No. 30-10). None of the entries appears inflated or unnecessary. As for Plaintiffs' attorney's hourly fee, we note that similar, or even higher fees, for associates have been found reasonable in this district. See, e.g., Trs. of the Teamsters Pension Trust Fund of Phila. v. Sheinman Provision Co., No. 11-6116, 2012 WL 3104402, at *1 (E.D. Pa. July 30, 2012) (finding fee of $300 per hour reasonable); Carpenters Pension & Annuity Plan v. Grosso, No. 07-5013, 2009 WL 2431340, at *7 (E.D. Pa. Aug. 6, 2009) (finding associate fee of $230 per hour reasonable). Therefore, we find Plaintiffs' request for attorney's fees reasonable in this case. Plaintiffs also seek an award of total costs of $464.10, which includes the $350.00 filing fee for the complaint and $114.10 for service on Defendant Barnard Elevator. (Pl.'s Mot. 26–27, Doc. No. 30). These costs appear reasonable. Therefore, Plaintiff's motion for attorneys' fees and costs is GRANTED.

In conclusion, Plaintiffs' motion for summary judgment is GRANTED. The Clerk of Court is directed to close this matter for statistical purposes. An appropriate order shall issue separately.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.